# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-14-00753-CV

**K. E. M., Appellant**

**v.**

**Texas Department of Family and Protective Services, Appellee**

### FROM THE DISTRICT COURT OF COMAL COUNTY, 274TH DISTRICT
### NO. C2010-0893C, HONORABLE CHARLES A. STEPHENS II, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

On February 5, 2015, appellee the Texas Department of Family and Protective Services filed a motion to dismiss, contending that this Court lacks jurisdiction over this appeal because the appealed order was interlocutory. *See* Tex. Fam. Code § 201.016 (addressing appellate review); *see also* Tex. Civ. Prac. & Rem. Code § 51.104 (addressing appeals of interlocutory orders). In her notice of appeal, appellant states that she is appealing an order dated November 4, 2014. On that date, an associate judge signed a "final order modifying prior order and decree in suit affecting the parent-child relationship" of appellant and her mother. In addition to that order, the clerk's record includes appellant's request for a de novo hearing that was filed on November 5, 2014, and an order dated November 24, 2014, signed by the district judge.

This Court received a letter in the mail from appellant's counsel that included an amended notice of appeal, but the clerk of this Court returned the letter to counsel and requested that

the letter be electronically filed on or before January 16, 2015. *See* Tex. R. App. P. 9.2(c) (requiring attorneys in civil cases to file documents electronically). On February 13, 2015, we also ordered appellant to file the amended notice of appeal in accordance with the Rules of Appellate Procedure on or before February 23, 2015, and we advised appellant that the failure to do so would result in this Court dismissing this appeal for want of jurisdiction. On February 25, 2015, appellant filed a response to the Department's motion to dismiss, but appellant has failed to file an amended notice of appeal.

In the meantime, the Department has filed a motion to dismiss this appeal based on mootness because appellant K.E.M. has now turned eighteen and is no longer a "child" under the Family Code. *See* Tex. Fam. Code § 101.003 (defining "child" to mean "a person under 18 years of age who is not and has not been married or who has not had the disabilities of minority removed for general purposes"). Thus, there is no longer a justiciable controversy. *See Williams v. Lara*, 52 S.W.3d 171, 184 (Tex. 2001) (describing mootness doctrine and noting that "controversy must exist between the parties at every stage of the legal proceedings, including the appeal"); *In re E.H.*, No. 02-07-00343-CV, 2008 Tex. App. LEXIS 4468, at *1 (Tex. App.—Fort Worth June 12, 2008, no pet.) (mem. op.) (dismissing appeal from order awarding permanent managing conservatorship to Department as moot after child in the order turned eighteen). Accordingly, we grant the Department's motion to dismiss based on mootness, dismiss as moot the Department's earlier-filed motion to dismiss, and dismiss this appeal as moot.

_____

Melissa Goodwin, Justice

Before Chief Justice Rose, Justices Goodwin and Field

Dismissed as Moot

Filed:   March 11, 2015